**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4823**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EUGENE ROSS COUSINS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (5:06-cr-00008-gec)

———————

Submitted: May 30, 2008          Decided: July 7, 2008

———————

Before NIEMEYER and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Eugene Ross Cousins entered a conditional guilty plea to two counts of distribution of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(c) (West 1999 & Supp. 2008); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000); and two counts of a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2000). We have reviewed the record and find no reversible error.

On November 19, 2004, Cousins was driving his car in Waynesboro, Virginia. Police Officer Kevin Miller heard a loud noise coming from Cousins' exhaust system and continued to hear it even when the vehicle drove seventy feet away from Miller. Miller initiated a traffic stop because he suspected the exhaust system violated Virginia law and Waynesboro city noise ordinances. After Miller approached the car, he saw a plainly visible firearm next to the front console and initiated a search of the vehicle. Cousins was arrested after the search revealed a concealed firearm and drug residue on a digital scale. Cousins filed a pretrial motion to suppress this evidence as well as statements made during the vehicle stop, asserting that the stop was unconstitutional. After the district court denied the motion, Cousins entered a conditional guilty plea reserving the right to challenge on appeal

- 2 -

the district court's denial of the motion to suppress the evidence seized following the traffic stop.

On appeal, Cousins renews his challenge to the traffic stop, but also claims his arrest and the search of his car were unconstitutional. Because Cousins did not raise these claims in the motion to suppress below, we find that they are not preserved for appeal, Fed. R. Evid. 11(A)(2), and are otherwise waived. Fed. R. Crim. P. 12(b)(3), (e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995); see United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005) ("[I]n the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he . . . seeks to rely upon in this Court."). Therefore, we review only the constitutionality of the initial stop.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30-31 (1968).* To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires

---

*"Because an ordinary traffic stop is analogous to an investigative detention, it has been historically reviewed under the investigatory detention framework first articulated in Terry . . . ." United States v. Delfin-Colina, 464 F.3d 392, 396 (3rd Cir. 2006).

more than a hunch but less than probable cause, and it may be based on the collective knowledge of the police officers.  Id.  In assessing police conduct in a Terry stop, courts must look to the totality of the circumstances.  United States v. Sokolow, 490 U.S. 1, 8 (1989).

All vehicles operated in Virginia must be equipped with an exhaust system that "prevent[s] excessive or unusual levels of noise."  Va. Code Ann. § 46.2-1049 (2005 & 2007 Supp.).  Miller testified the exhaust noise from Cousins' car was unusual and excessive in comparison to similar vehicles.  The district court did not err when it found that this excessive and unusual noise supported a reasonable and articulable suspicion of a violation of § 46.2-1049.

Miller suspected Cousins altered the factory muffler to produce more noise.  Cousins argues he did not alter his exhaust system and therefore Miller erroneously conducted the traffic stop. However, Miller could not see the exhaust system and decided to investigate the possibility of a modified exhaust system due to the excessive noise.  Any mistake by Miller in guessing the cause of the exhaust noise did not eliminate his reasonable and articulable suspicion that the exhaust system violated § 46.2-1049.  See United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003) (holding officer's reasonable mistake of fact may provide the objective grounds for reasonable suspicion).

- 4 -

Miller believed the exhaust system noise also violated City of Waynesboro ordinances prohibiting loud noises coming from a vehicle audible for over fifty feet. The city ordinances do not impose a distance requirement related to vehicle or exhaust noise, but do categorize "loud and disturbing noises" from vehicles and exhaust discharge as a public nuisance at any distance. Waynesboro, Va., Code § 38.12(7)(d), (f) (2004). Miller's mistake as to the specifics of the ordinance did not undercut his reasonable and articulable suspicion of a violation of a city ordinance required to justify the traffic stop.

Accordingly, we affirm Cousins' conviction. We deny Cousins' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -